## Samuel H. Abbott v. Henry Alsdorf et al.

*Deed delivered in escrow: Violation of condition.* A deed deposited in *escrow*, but delivered without authority by the Depositary to the grantee, who inequitably refuses to perform the condition, will be declared void.

*Appeal in Chancery: Hearing.* An appellant in Chancery will not be heard to urge as a ground of reversing the decree, the equities of his co-defendants who have not joined in the appeal, especially when such equities rest upon their alleged ignorance of the fraud of the party who appeals.

*Practice in Chancery: Closing proofs: Necessity of a motion to suppress depositions.* No motion is necessary to suppress depositions taken after the closing of proofs, to exclude them from consideration on the hearing.

*Heard July 12. Decided October 5.*

Appeal in Chancery from Branch Circuit.

*Newberry, Pond & Brown,* for complainant and appellee.

I. Upon affidavits the Commissioner made an order, (Nov. 24, 1865) vacating the order closing proofs, and allowing thirty days to take further testimony. Complainant appealed from this order to the Circuit Court, and the court annulled it May 5, 1866.

This reversal of the Commissioner's order is the first grievance of which appellant complains. There is certainly no error here from which an appeal can be taken.

1. An order closing proofs is no less an order of the Court because it is a *common* order. Rule 24, 1 Barb. Ch'y Prac. 581.

By Rule 112, the Commissioner had no power to vacate such order. As well might he attempt to vacate an order *pro confesso,* or of reference to himself. It is possible, if the application to extend the time had been made before the order was entered, the Commissioner might, under Rule 86, have extended the time, but no such authority is given afterwards. 2. There was no sufficient reason given for such order. 3. If defendants desired to have the order closing proofs set aside, they should have applied *to the Court* for an extension of time, or made a new motion to the Court upon the same, or new affidavits, at the time the order of the Commissioner was annulled.

II. If our position with regard to the first point be correct, it virtually disposes of the case. Defendants' depositions were not taken until December—two months after the proofs were closed. They were suppressed by the Circuit Court and properly form no part of the record.

III. But even if defendants' depositions are admitted as evidence, they make no defense to complainant's case.

The deed was never delivered by complainant with the intention of vesting the title in the grantee. It was handed to Parsons as an escrow to be delivered by him upon a certain contingency. An escrow takes effect only from its second delivery, *and the performance of the conditions,* (*Wheelwright v. Wheelwright, 2 Mass. 447*), and if that delivery be made by mistake, or the deed be surreptitiously taken, it is void. — *2 Washburn, Real Prop. 585.* The performance of the condition is absolutely necessary to give effect to the delivery, however the grantee may get

possession of it. This position is amply supported by the following authorities : *State Bank v. Evans, 3 Green 155 ; Stiles v. Brown, 16 Vt. 563 ; Jackson v. Catlin, 2 Johns. 248 ; Jackson v. Sheldon, 22 Me. 569 ; Johnson v. Baker, 4 Barn. & Ald. 440 ; Rhodes v. Gardner, 30 Me. 110.*

IV. John Alsdorf being a mere tenant, cannot claim the rights of a bona fide purchaser. *Boinay v. Coats, 17 Mich. 411.*

*E. G. Fuller,* for defendant and appellant.

I. The time for taking testimony should have been extended.

1. The Circuit Court Commissioner was authorized to make the order ; (see rule 86 and 111,) the order closing proofs is a common order made and signed by the Register, and not within the meaning of Rule 112.

2. There was sufficient cause shown, and if the order of the Commissioner was null, the Court, having the whole case before it, ought to have made an order extending the time on the petitions and affidavits of the defendants' solicitor.

II. The answer, on oath, of the defendants, John Alsdorf and Hiram Haynes, is responsive to the Bill, and is evidence as to all contained in it. All the allegations so responsive are to be taken as true unless contradicted by two witnesses, or one witness, and circumstances equal thereto.

This rule has been too long established in practice to admit of doubt.—*3 Barb. & Harr. Eq. Dig. 383 ; Cunningham v. Freeborn, 3 Paige R. 557 ; Smith v. Clark, 4 Paige R. 368 ; Schwarz v. Wendell, Walk. Ch. R. 294.*

III. The deed executed by Abbott to Henry Alsdorf, and left with Parsons is valid. 1. It seems to be a rule of law, that a deed so executed and delivered will bind the the grantor, if the grantee can, at any time, and in any

way, get possession of it.—*Doe v. Knight, 5 Barn. & Cress. 671 ; Fairbanks v. Metcalf, 8 Mass. 238 ; Wheelwright v. Wheelwright, 2 Mass. 447.*

IV. Though the deed may been voidable, before the grantee had conveyed the premises, a Court of Equity will not disturb it against the rights of a bona fide purchaser. This seems to be the English rule. Thus after a deed of bargain and sale is enrolled it cannot be averred by the parties that it was delivered at a day subsequent to the date.—*Owen 168, Howard's case Com. Dig. title Bargain and sale B. 10.* The analogy between the English statute of enrollments (*27 Hen. 8. C. 10.*) and our statute of recording of deeds etc., is so strong that the same doctrine must prevail. *Pidge vs. Tyler, 4 Mass. 541.*

CAMPBELL J.

The bill was filed to obtain a reconveyance of property alleged to have been obtained by fraud. The bill sets up in substance that on or about December 2, 1864, complainant agreed to sell a parcel of land containing one acre to defendant Henry Alsdorf for one hundred and fifty dollars, of which fifty was to be paid on delivery of the deed and remainder to be secured by note and mortgage payable in two years with interest at ten per cent :—That thereupon on that day complainant executed a deed and left it with Elon G. Parsons, to be delivered when the grantee should execute the mortgage security; and that on about the 12th of December, the latter obtained the deed by fraud from Parsons, without executing the papers, and had it recorded about the 15th of December, and on being applied to, refused to execute them :—That in December, 1864, Henry Alsdorf moved a house upon the land and, with his father John Alsdorf, moved in and they have since occupied, wrongfully, and that by the agreement possession was not to be given until March, the premises being under lease till that time

to one Seely:—That on February 19 Henry Alsdorf conveyed the land to defendant Haynes, who is charged to have paid no consideration and to have taken his deed with full notice.

The answer, beside relying upon some legal points, represents the land sale as part of another transaction, including some horses; and avers that Parsons, as complainant's agent, delivered the deed voluntarily and without fraud, and that the grantee was willing, and offered to give a mortgage for seventy-five dollars, which is alleged to have been all that was due or agreed upon. It also alleges that John Alsdorf got license from Seely to move on the ground, and entered under that permission.

Complainant's testimony being in, and defendants not yet having taken any in a regular way, and the time having expired, defendants having failed to obtain leave from complainant to use the informal depositions, noticed the cause for hearing, and complainant entered an order closing proofs. Upon application to the Circuit Court Commissioner time was granted to defendants to take further proofs, but upon appeal from this order, and after proofs had been taken in the meantime, the order of extension was reversed and rescinded. The Court below disregarded the testimony so taken, and granted a decree for complainant, which is appealed from by Henry Alsdorf.

The complainant's witnesses make out his case, and show that Henry Alsdorf obtained the deed from Parsons upon a written order, which Parsons read over hastily without noticing the clause requiring a mortgage, and that Alsdorf kept silence on the subject of the securities, until afterwards requested, when he declined to give the mortgage. In the absence of evidence for the defendants, the case is substantially maintained. And the only question seems to be, whether their evidence was properly excluded.

The testimony seems to have been regularly closed. The

19 MICH.—U.

application to extend time was addressed to the discretion of the Commissioner, and when appealed, became discretionary with the Court. When the order was reversed the proceedings to take proofs fell with it. A stay of proceedings had been granted on the appeal before any of these proofs were taken. Under these circumstances there was no authority whatever to proceed, and it was not necessary to make a motion to suppress. The order of reversal was itself a suppression of all that had been done, and no further steps were needed to get rid of the evidence.

If an application had been made to the Court to open the case for further proofs, it might very possibly have been granted. But no such leave was sought, and, therefore, it was necessary to decide the cause upon the complainant's proofs, which are more satisfactory to our minds than the answer of Henry Alsdorf. The other defendants knew nothing of the main facts. And, as neither John Alsdorf nor Haynes have appealed, no ones' rights are now involved except those of Henry Alsdorf, and the answers are not explicit enough to overcome the plain showing against them.

As he knew he was not entitled to receive the deed, it was inequitable in him to retain it, and he was bound in fairness to restore it. Instead of offering to do justice, and to comply with the terms of the agreement, the defendants all rely on the deed to Haynes as cutting off complainants' rights, and so repudiate the contract. The Court below was right, therefore, in rescinding the entire claims of the defendants, and we are somewhat at a loss to know how Henry Alsdorf can justly complain. He was the party directly active in the fraud.

The decree must be affirmed with costs of this Court against the appellant.

The other Justices' concurred.